815 F.2d 74
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Susan MYERS, widow of Samuel Myers, Petitioner,
v.
DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 86-2571.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 5, 1987.
Decided March 23, 1987.
 
 Before RUSSELL and CHAPMAN, Circuit Judges, and SIMONS, United States District Judge for the District of South Carolina, sitting by designation.
 Harry Joseph Smith (Smith & Crockett; John A. Gibney, Jr.; Lacy & Mehfoud, on brief), for petitioner.
 Ronald G. Ray, Sr. (George R. Salem, Solicitor of Labor; Donald S. Shire, Associate Solicitor; J. Michael O'Neill, Counsel for Appellate Litigation; Thomas L. Holzman, Assistant Counsel for Appellate Litigation; Donald Feith, U.S. Department of Labor; Sylvia T. Kaser, U.S. Department of Labor, on brief), for respondent.
 PER CURIAM:
 
 
 1
 This appeal involves a claim for benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et sea. (1986). Claimant Samuel Myers appeals the decision of the Benefits Review Board to affirm the decision of the Administrative Law Judge (ALJ) denying benefits.
 
 
 2
 The plaintiff has not worked in a coal mine since 1933, but because Myers had worked in coal mine employment for over ten years, the ALJ evaluated his request for benefits under 20 C.F.R. Sec. 727.203. Based upon qualifying pulmonary function studies, the ALJ held that claimant satisfied the requirements of 20 C.F.R. Sec. 727.203(a)(2) for the invocation of the interim presumption of disability due to pnuemoconiosis. Subsequently, however, the ALJ found that based upon the medical reports of record, the interim presumption of disability was rebutted pursuant to 20 C.F.R. Sec. 727.203(b)(3) because the evidence established that the total disability of the miner did not arise in whole or in part out of coal mine employment. The Benefits Review Board affirmed the decision of the Administrative Law Judge and, this appeal followed.
 
 
 3
 This court is bound to affirm the decision of the Benefits Review Board if the findings of fact and the decision of the Administrative Law Judge are supported by substantial evidence in the record considered as a whole. Beavan v. Bethlehem Mine Corp., 741 F.2d 689, 691 (4th Cir. 1984); Wilson v. Benefits Review Board, 748 F.2d 198, 199-200 (4th Cir. 1984).
 
 
 4
 Appellant argues that the decision of the Administrative Law Judge is not supported by substantial evidence. Appellant correctly points out that in Bethlehem Mines Corp. v. Massey, 736 F.2d 120, 123 (4th Cir. 1984) this court held that 20 C.F.R. Sec. 727.203(b)(3) requires the employer to rule out the causal relationship between the miner's total disability and his coal mine employment in order to rebut the interim presumption.
 
 
 5
 This case centers upon a dispute between the doctors as to the cause of Myers' disability. While Myers has offered some evidence in support of his contention that he suffers from pneumoconiosis, the medical report of Dr. William Schmidt states quite concisely that he was unable to establish a diagnosis of occupational pneumoconiosis. Dr. Schmidt concluded that Myers has bronchial asthma and that this condition was not caused by coal dust exposure. In this record there is substantial evidence both to support and rebut the claim for benefits. The fact finder has resolved the factual dispute against the claimant and we may not disturb it.
 
 
 6
 AFFIRMED.